**Law Offices of Robert L. Geltzer**
1556 Third Avenue, Suite 505
New York, New York 10128
(212) 410-0100
Robert L. Geltzer
Mark E. Bruh

*Counsel to Robert L. Geltzer,*
*as Chapter 7 Trustee*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>In re:<br><br>**KENNETH IRA STARR,** *et al.*,<br><br><br>                                    Debtors.<br>-----------------------------------------------------------x<br>**ROBERT L. GELTZER**, as Trustee for the<br>Estate of **KENNETH IRA STARR,** *et al.*,<br><br>                                 Plaintiff,<br><br>        -against-<br><br>    **ROBERT LIBERMAN**,<br><br>                                 Defendant.<br>-----------------------------------------------------------x | **Return Date: 5/12/15**<br>**Time: 10:00 A.M.**<br><br>**Chapter 7**<br><br>**Case No. 11-10219 (MEW)**<br><br>**Jointly Administered**<br>**Substantively Consolidated**<br><br><br><br><br><br>**Adv. Pro. No. 14-02401 (MEW)** |

**CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE TO APPROVE A SETTLEMENT
BETWEEN THE CHAPTER 7 TRUSTEE and ROBERT LIBERMAN**

**TO THE HONORABLE MICHAEL E. WILES,**
**UNITED STATES BANKRUPTCY JUDGE:**

        Robert L. Geltzer, the Chapter 7 trustee (the "Trustee") of Kenneth Ira Starr, *et*

*al.*, the debtors (the "Debtors"), by his counsel, the Law Offices of Robert L. Geltzer, does

hereby make this motion (the "Motion") for the entry of an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP") approving the terms and conditions of the Stipulation of Settlement (the "Stipulation" or the "Settlement") between the Trustee and Robert Liberman (the "Defendant")[1] which is incorporated herein and made part hereof by this reference thereto.  A true and correct copy of the Stipulation is annexed hereto as Exhibit "A."  In support of this Motion, the Trustee represents and alleges as follows:

BACKGROUND:

1.  On January 7, 2011, an involuntary bankruptcy case under Chapter 7 of the Bankruptcy Code (the "Code") was commenced before the United States Bankruptcy Court for the Southern District of New York (this "Court") against Kenneth Ira Starr ("Debtor Starr") by the Estate of Joan A. Stanton and JAS Ventures, L.P.

2.  On July 12, 2011, an Order for relief was entered in this case by this Court in Starr's bankruptcy case and, on or about the same date, the Trustee was appointed as interim chapter 7 trustee of the Debtor Starr.

3.  On February 17, 2011, Aurora Cassirer, Esq., as Court-appointed receiver of Starr & Company, LLC and Starr Investment Advisors, LLC (the "Starr Corporate Debtors", and collectively with the Debtor Starr, the "Debtors"), commenced before this Court voluntary cases under Chapter 7 of the Code on behalf of each of the Starr Corporate Debtors.

4.  Pursuant to the Trustee's motion, this Court entered on December 8, 2011 an Order, among other things, substantively consolidating the estates of the Debtors into one Chapter 7 estate, and directing that the respective assets and liabilities of each debtors estate be

---

[1] As set forth in paragraph 12(a) of the Stipulation, the Stipulation also provides for releases of various affiliates of the Defendant.

pooled and consolidated, *nunc pro tunc* to February 17, 2011.

5. Shortly thereafter, the Trustee was appointed as the successor trustee of each of the Starr Corporate Debtors, and continues to serve as Trustee of the Debtors' consolidated estate.

6. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. The Debtors appeared at the statutory meeting of creditors pursuant to 341 of the Code and was examined.

PRELIMINARY STATEMENT and SETTLEMENT:

This Motion seeks approval, pursuant to FRBP 9019, of the Settlement between the Chapter 7 Trustee and Defendant (hereinafter collectively referred to as the "parties"). The Settlement represents the result of a series of negotiations and compromises proposed by the affected parties in an attempt to provide the creditors of the Debtors' estate with the fairest recovery available given the circumstances of this case and the different legal rights of the parties. Pursuant to the Settlement, Defendant has paid the sum of $8,500.00 (the "Settlement Sum") to the Trustee in full and complete satisfaction of any and all claims that the Trustee or the Debtors' estate has against Defendant in his individual capacity or in any legal capacity.

Based upon the examination of the Debtors at the meeting conducted pursuant to Section 341 of the Code, the review of documents by the Trustee and his Court-appointed accountant, the Trustee believed that this action should have been brought against Defendant pursuant to the Code §§ 101, 105(a), 541, and 542; the general equity powers of the Bankruptcy Court; the general common law; and it is also commenced pursuant to FRBP 6009, 7001, and

7008 to to collect accounts receivable from the Defendant. The Defendant does not admit any liability to the Trustee or to the Debtors' estate and disputes that any claims exist against it, and asserted various defenses and affirmative defense in its December 12, 2014 Answer to the Complaint that it would have good and valid defenses to such claims, but the Defendant wishes the litigation to cease.

The Settlement is the product of extensive and intensive negotiations between the Trustee and Defendant's attorney. The Trustee, in the exercise of his best and reasonable business judgment, believes that the Settlement is fair and reasonable and a necessary predicate to the swift resolution of this case and is required because of the uncertainty of litigation, the time and expense involved in litigation, and the need to close this Chapter 7 case. Absent the approval of the Stipulation, the Trustee would have to prosecute successfully litigation, obtain a judgment for many thousands of dollars more than will be obtained under the Settlement, and enforce such judgment to provide a result anywhere near as favorable to general unsecured creditors as that available under the Settlement. The Trustee approves of, and supports, the terms of the Settlement, as does the Defendant and its attorney.

The Trustee believes it is in the estate's best interests to avoid the expense and delay of litigation and to settle all of the claims that he asserted and any and all other claims or obligations that were or could be asserted between the Trustee, on the one hand, and the Defendant, on the other hand, up to and including the date of the Stipulation, pursuant to the terms hereof.

8. The Trustee and the Defendant wish to avoid the time, anxiety and

expense of continued further litigation. Recovery of the accounts receivable from the Defendant would be difficult, time consuming, and expensive for several reasons, and the Defendant wishes for this suit to cease as aforesaid.

9. Therefore, in light of all the above, and after intensive and extensive negotiations between the Trustee and the Defendant, the Trustee believes, in his best business judgment, that it is in the best interests of the estate and its creditors that a compromise and settlement be reached, which Settlement will add to a reasonable distribution to creditors without the necessity of continued litigation.

LEGAL DISCUSSION:

10. Section 105(a) of the Code empowers the court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C § 105(a) (1994). In practice, section 105(a) of the Code empowers bankruptcy courts "to utilize their equitable powers under section 105 where appropriate to facilitate the implementation of other Bankruptcy Code provisions." Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC, 429 B.R. 423, 433 (Bankr. S.D.N.Y. 2010) (quoting Bessette v. Avco Fin. Servs. Inc., 230 F.3d 439, 444 (1st Cir. 2000)).

11. The Federal Rules of Bankruptcy Procedure grant the court broad authority to "approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other

entity as the court may direct." F.R.B.P. § 9019(a) (1989).

12. The Supreme Court has held that in order to approve a compromise or settlement, the court must find the settlement "fair and equitable." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968). The settlement must also be in the "best interest" of the estate. In re Ionosphere Clubs, Inc., 156 B.R. 414 (S.D.N.Y. 1993), aff'd, 17 F.3d 606 (2d Cir. 1994); In re Fugazy, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

13. The court in TMT Trailer Ferry sets forth the following test to determine whether to approve a settlement:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

TMT Trailer Ferry, 390 U.S. at 424-25.

14. In confirming a chapter 11 plan of reorganization whereby Texaco would settle a judgment of over $11 billion for $3 billion, the court in In re Texaco, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988), set forth the following factors to be analyzed in determining whether to approve the settlement:

> (1) The balance between the likelihood of plaintiff's or defendants' success should the case go to trial vis à vis the concrete present and

      future benefits held forth by the settlement without the expense and delay of a trial and subsequent appellate procedures.

      (2)  The prospect of complex and protracted litigation if the settlement is not approved.

      (3)  The proportion of the class members who do not object or who affirmatively support the proposed settlement.

      (4)  The competency and experience of counsel who support the settlement.

      (5)  The relative benefits to be received by individuals or groups within the class.

      (6)  The nature and breadth of releases to be obtained by the directors and officers as a result of the settlement.

      (7)  The extent to which the settlement is truly the product of "arms-length" bargaining, and not of fraud or collusion.

    15.    The court in In re Drexel Burnham Lambert Group, Inc.,134 B.R. 493, 505-06 (Bankr. S.D.N.Y. 1991), affirmed the TMT Trailer Ferry tests and, based upon them, stated that the "established uniform standards, or factors, to be considered when deciding a Rule 9019 motion [are]:  (a) the probability of success in the litigation; (b) the difficulties in collection; (c) the complexity of the litigation, and the expense, inconvenience, and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views."  It then proceeds to recite all of the Texaco tests which broadened the tests of TMT Trailer Ferry.  Drexel, 134 B.R. at 506.  Nevertheless, Judge Conrad in Drexel is cognizant of and, indeed, deferential to, the limits a court should impose upon itself and the discretion to be accorded to the trustee in connection with determining whether to approve a settlement, Id. at 506.  But, in doing so, "the Court need not conduct a wholly independent investigation in formulating its opinion as to the reasonableness of a settlement.  We may give weight to the

informed judgments of the trustee or debtor-in-possession and their counsel that a compromise is fair and equitable." Id. at 505.

16. To constitute a fair and equitable compromise or settlement, the Court must find that the compromise does not "fall below the lowest level of reasonableness." In re International Distribution Centers, Inc., 103 B.R. 420 (Bankr. S.D.N.Y. 1989).

17. Additionally, the court should consider the fair and reasonable course of action for the debtors' estate, with its limited available assets, giving consideration to the interest of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. In re Del Grosso, 106 B.R. 165, 167-68 (Bankr. N.D. Ill. 1989); See In re Lawrence & Erausquin, Inc., 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); In re Culmtech, Ltd., 118 B.R. 237, 328 (Bankr. M.D. Pa. 1990); In re Bell & Bechwith, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988). In re Lion Capital Group, 49 Bankr. 163, 175 (Bankr. S.D.N.Y. 1985); See also TMT Trailer Ferry v. Aronson, 390 U.S. at 424; In re Tampa Chain Co., Inc., 70 B.R. 25 (Bankr. S.D.N.Y. 1987); In re Carla Leather Inc., 44 Bankr. 457, 465-66 (Bankr. S.D.N.Y. 1985).

18. When approving a settlement the court must ensure that the "settlement was reached [by] demand[ing] the compromise be the result of arm's length negotiation." Weinberger v. Kendrick, 698 F.2d 61, 74 (2d Cir. 1982). Bankruptcy courts have ensured the settlement is an arm's length bargain by looking to "the absence of any indication of collusion, the protracted settlement negotiations, the ability and experience of plaintiffs' counsel, the extensive discovery preceding settlement and the fact the counsel for all parties-including the objectors-has access to materials produced in discovery." Id. The court should additionally consider the "nature and breadth of releases to be issued as a result of the settlement; and the

extent to which the settlement is truly the product of an arms' length bargain and not fraud or collusion." In re Best Prods. Co., 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994); See In re Yellowstone Mountain Club, 450 B.R. 254, 265 (Bankr. Mont. 2011).

19. The court in In re Telcar Group, 363 B.R. 345, 353-355 (Bankr. E.D.N.Y. 2007), applied the balancing approach articulated in In re Maynard, 269 B.R. 535, 542 (D.VT 2001), as to whether a "proposed settlement includes provisions, the enforcement of which would be illegal or against public policy, it matters not whether the settlement is in the best interests of the estate." Telcar, 363 B.R. at 357. In doing so, it found the subject settlement to be against public policy because it violated the then Disciplinary Rule 7-109(c) which prohibits lawyers from paying or permitting others to pay witnesses compensation which is contingent on the content of the witnesses' testimony or the outcome of the case. Telcar, 353 B.R. at 357 (quoting Maynard, 269 B.R. at 542).

20. The discretion of the court should be exercised in light of the general public policy "that the law favors and encourages settlement." In re Michael Milken & Assoc. Secs. Litig., 150 F.R.D. 46, 53 (S.D.N.Y.1993) (noting the paramount public policy for settlements). Since "the approval process . . . is integral to the proper functioning of a liquidation, and the court relies heavily on the trustee, who is entrusted to represent the creditor body. . . under normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification." In re Martin, 91 F.3d 389, 395 (3d Cir. 1991) (citing In re Schipper, 933 F.2d 513, 515 (7th Cir. 1991)).

21. Nevertheless, even though the approval of a trustee's proposed settlement or compromise is within the sound discretion of the court, In re Neshaminy Office Building

Associates, 62 Bankr. 798 (E.D. Pa. 1986), the Court should not substitute its judgment for the informed judgment of the trustee. In re Sherman Homes, Inc., 28 B.R. 176, 177 (Bankr. D. Me. 1983). Bildirici v. Kittay (In re East 44th Realty, LLC), 2008 U.S. Dist. Lexis 7337, *23 (S.D.N.Y. Jan. 23, 2008).

22. In approving the purchase of, and subsequently selling to the debtor, certain secured claims, the count stated: "This court need not conclusively determine claims subject to compromise, nor find that the settlement constitutes the best result obtainable. See Cosoff v. Rodman (In re W.T. Grant Co.), 699 F. 2d 599, 608, 613 (2d Cir. 1983), cert. denied, 464 U.S. 822, 104 S. Ct. 89, 78 L.Ed.2d 97 (1983). Instead, this Court need only canvass the issues to determine that the settlement does not fall 'below the lowest point in the range of reasonableness.' Id. at 608." In re Apex Oil Company, 92 B.R. 847 (E.D. Mo. 1988).

23. Consistent with Judge Stein's opinion in In re Painewebber Ltd. Partnerships Litigation, 171 F.R.D. 104 (S.D.N.Y. 1997), in approving a class action settlement between defrauded customers and defendant, once the court examines and approves the "substantive terms of the settlement," it should examine "the negotiation process" in which the trustee should be given deference as "long as the as the integrity of the arm's length negotiation process is preserved; however, a strong initial presumption of fairness attaches to the proposed settlement" and "'great weight' is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation." Id. at 125. The trustee is given a "substantial degree of discretion in deciding how best to administer the estate committed to his care and his actions are measured by a business judgment standard." In re Smith, 400 B.R. 370, 378 (Bankr. E.D.N.Y. 2009) (citing In re V. Savino Oil & Heating Co., Inc., 91 B.R. 655, 656

14-02401-mew    Doc 7    Filed 04/08/15    Entered 04/08/15 09:10:14    Main Document
Pg 11 of 13

(Bankr. E.D.N.Y. 1988)).

24. The Court does not need to determine conclusively the merits of a claim subject to compromise and does not need to find that the settlement constitutes the best results attainable to ensure that the settlement crosses the threshold of reasonableness.  The Court "need not conduct an independent investigation in formulating its opinion on the reasonableness of a settlement."  International Distribution Centers, Inc., 103 B.R. at 422-23 (affirming bankruptcy's court's confirmation of proposed settlement on ground that settlement met or exceeded lowest standard of reasonableness); In re WorldCom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006).

25. Although a judge must be apprised of the facts and consider the fairness of the settlement to the estate and creditors, the judge is not required to consider the "minutia of every claim."  Six West Retail Acquisition, Inc v. Lowes Cineplex Entm't, 286 B.R. 239, 249 (S.D.N.Y. 2002) (citing Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994)).  Indeed, the "Court is not required to hold a mini-trial on the merits of the settlement. Instead, it is charged with 'canvassing the issues to determine whether the settlement falls below the lowest point in the range of reasonableness.'"  In re Enron Corp., 40 Bankr. Ct. Dec. 228 (S.D.N.Y. 2003) (quoting In Interstate Cigar Co., 240 B.R. 816, 822 (E.D.N.Y. 1999)).

26. The SEC v. Citigroup Global Markets Inc, 2011 WL 5903733 at 4 (S.D.N.Y.  2011), court created a different standard for governmental agencies because while "purely private parties can settle a case without ever agreeing on the facts . . .when a public agency asks a court to become its partner in enforcement . . . the court, and the public, need some knowledge of what the underlying facts are."

27. Based upon the Trustee's analysis, the maximum judgment that the

Trustee could hope to obtain against Defendant would be approximately $19,335.00.  If this matter had to be litigated further by the Trustee against Defendant, the cost of that litigation, including discovery, trial preparation and an actual trial, for the Trustee's professionals, including attorneys and accountants, could cost approximately fifteen thousand dollars.  This factor alone would add to the uncertainty present in every litigation.

28.    Discovery would likely take at least six months and, considering the length of any trial, let alone the discovery that would precede a trial on the issues of the accounts receivable in this case, it is likely that a trial would take a half day and possibly would not be heard, fully litigated and briefed for at least a year.  Further delay and expense would result from any appeals taken.  In light of the fact that the amount paid by Defendant is in immediately available funds and the time value of money, this Settlement is fair and reasonable and in the best interests of creditors.

29.    While the Trustee believes that he would be successful in this Adversary Proceeding, the actual amount of any judgment rendered against and collected from Defendant is uncertain.  Various issues may or may not be resolved in favor of the Trustee concerning the full extent of any claims the Trustee asserted against Defendant.  Therefore, the amount that Defendant has paid is reasonably related to the probability of success on the merits of any litigation.

30.    In consideration of all of the factors to be weighed in approving a settlement, the Trustee respectfully submits that the Settlement meets all the above tests and falls well above the lowest range of reasonableness.  Without this Settlement, the Trustee believes it likely that litigation will continue and that there will be no expeditious or meaningful recovery to

creditors, if any recovery, at all, and, thus, believes and thinks that the Settlement should be approved pursuant to FRBP 9019.

31. Pursuant to this Court's June 11, 2013 Order Limiting Notice, the Trustee has served a copy of this Motion on the "Notice Parties," as defined therein, Randolph E. White, Esq., the Defendant's attorney, and the Office of the United States Trustee, attention, Brian Masumoto, Esq. The Trustee submits that, such notice is adequate and that no further notice need be given.

32. No prior motion seeking the relief requested has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that this Court approve the Stipulation of Settlement pursuant to FRBP 9019.

Dated: New York, New York
April 7, 2015

> Respectfully submitted,
> The Law Offices of
> ROBERT L. GELTZER
> Counsel to the Chapter 7 Trustee
>
> By: /s/ Robert L. Geltzer
> Robert L. Geltzer
> A Member of the Firm
> 1556 Third Avenue, Suite 505
> New York, New York  10128
> (212) 410-0100